UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL S. GORBEY, | ) |
| Petitioner, | ) |
| v. | ) Case Number: 1:15-cv-01359-RDP-JHE |
| WARDEN TAYLOR, et al., | ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

On January 7, 2016, the Magistrate Judge entered a Report and Recommendation, recommending that this petition for writ of habeas corpus be dismissed. (Doc. 18). Petitioner Michael S. Gorbey ("Gorbey") filed objections on January 19, 2016. (Doc. 19). After careful and independent review, and for the following reasons, Gorbey's objections are **OVERRULED**.

**I.     Discussion of Pending Motion and Objections**

   **A.     Petitioner's Motions and Objections Related to Recusal**

      **1.     Motion to Recuse**

To the extent Gorbey's motion to recuse (Doc. 17 at 2) is directed to the undersigned, it is due to be denied, as there is no basis for requesting the undersigned's recusal.

      **2.     Objection One**

Gorbey's first objection is directed to the Magistrate Judge declining to recuse. (Doc. 19 at 1). He asserts the six-month delay between the filing of Gorbey's petition in July 2015 and entry of the Magistrate Judge's Report and Recommendation in January 2016 "is proof of impartial and bias [sic] acts by the magistrate judge to delay Gorbey any review by the district or appeal judges." (*Id.*). That argument is without merit. The passage of six months between

petition filing and review is simply not an unreasonable amount of time for such a ruling and, in any event, is not evidence of partiality or bias against Gorbey.  This objection is **OVERRULED**.

    **3.**    **Objection Two**

Gorbey's second objection asserts the Magistrate Judge must have spoken *ex parte* to authorities in the District of Columbia to reach the conclusions reached in Gorbey's previous habeas petition, Case No. 1:15-cv-0644-RDP-JHE.  (Doc. 19 at 2).  In that case, Gorbey presented a District of Columbia Department of Corrections "Face Sheet," dated January 12, 2015, indicating an admission type of "writ ad pros" and showing a maximum release date of January 12, 2015.  *Gorbey v. Taylor*, 1:15-cv-00644-RDP-JHE, Doc. 1 at 7-12.  The Magistrate Judge noted that "a writ for habeas corpus ad prosequendum orders the custodian of an individual in custody to produce the individual before the court to appear for prosecution." *Id.*, Doc. 31 at 4 (citing the U.S. Marshals Service's website).  The judge noted the paper did not relate to or change Gorbey's sentence and that the Bureau of Prison's sentence computation data attached to his petition accurately reflected Gorbey's sentence.  *Id.*, Doc. 31 at 3.  The undersigned acknowledged Gorbey's objection to this characterization of his evidence and overruled the objection.  Nothing in the records of that case (or this case) provide grounds to believe any *ex parte* communications occurred.  Nor is there anything in the documents which calls into question the partiality of the Magistrate Judge.  Therefore, this objection is **OVERRULED**.

    **4.**    **Objection Three**

Gorbey's third objection is to the Magistrate Judge's interpretation of the Ninth Circuit decision in *Hurles v. Ryan*, 752 F.3d 768 (9th Cir. 2014), which was cited in Gorbey's motion to recuse.  (Doc. 17 at 2).  He argues that, because he made the claim the undersigned and the

Magistrate Judge had *ex parte* proceedings with District of Columbia authorities, "the court (must) either recuse or conduct an evidentiary hearing." (Doc. 19 at 2). He further contends the *Hurles* case stands for the proposition that a judge cannot reasonably find facts about his own conduct in relation to events that allegedly took place outside the record, and that doing so requires reversal. (*Id.*). Instead, Gorbey argues that, since he alleges *ex parte* proceedings took place, the only cure is to turn over the judges' and their clerks' information and question them under oath. (*Id.* at 3). Lastly, he asserts the six-month delay is further evidence, in addition to his own unsupported statements, of the *ex parte* communications. (*Id.*).

First, the Magistrate Judge provided a detailed description of the *Hurles* case and properly found it was not controlling and, being in an entirely separate context, unpersuasive. (Doc. 18 at 2-3). Gorbey's interpretation of that case would provide habeas petitioners with the power to either force the recusal of a judge they disliked or force an extended investigation into the judge and his or her clerks by merely alleging, with no other supporting evidence, that the judge had *ex parte* communications. The *Hurles* decision is not so broad. Gorbey has presented no evidence beyond his own wild speculation that there were *ex parte* communications or that the Magistrate Judge and the undersigned are in any way biased against him. As a result, Gorbey has provided no basis for questioning the impartiality of the Magistrate Judge or for overruling his refusals to recuse or to hold a hearing on Gorbey's speculations. This objection is **OVERRULED**.

**B.   Habeas Petition**[1]

1.   **Objection One**

Gorbey's first objection is to the Magistrate Judge's conclusion that section 23-110 was not inadequate or ineffective to test his claims. (Doc. 19 at 3-6). He argues section 23-110(g)'s deprivation of jurisdiction would be unconstitutional as applied to his case because it would make review of the District of Columbia courts a "farce and mockerys [sic] of justice." (*Id.* at 3-4). He also contends that "§ 23-110 is (ineffective) to test § 22-4135 proceedings," (*id.* at 4), and that the Eleventh Circuit has held that actual innocence claims can be used to overcome successive claims in section 2255 proceedings, (*id.*) (citing the Eleventh Circuit's decisions in *Archer* and *Bega*).

First, it is not section 23-110(g) that prevents this court's review of the District of Columbia courts' findings and conclusions in the section 23-110 and section 23-4135 proceedings. Rather, the court's review is precluded because a petitioner is not entitled to habeas relief based on alleged violations in collateral proceedings. *See Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."). For this same reason, regardless of whether section 21-110 is ineffective to test violations in his section 22-4135 proceeding, Gorbey is also unable to challenge alleged violations in his section 22-4135 while proceeding with a federal habeas petition.

Next, Gorbey's references to *Archer* and *Bega* may be references to *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), and *Begay v. United States*, 553 U.S. 137 (2008),

---

[1] Gorbey's numbering of his objections is inconsistent and therefore hard to follow. For that reason, this Memorandum Opinion and Order combines them into what appear to be the two overarching themes of his arguments: (1) that section 23-110 was inadequate or ineffective and (2) that the claims were not successive.

though it is unclear because he does not provide case citations.  Neither case is a section 2255 action and, therefore, neither addresses the issue of successiveness of section 2255 habeas claims; however, both cases are cited in *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013), which addresses the applicability of the section 2255(e) Savings Clause in section 2241 habeas petitions.  This appears to be the proposition that Gorbey relies upon in citing these cases.  (*See* Doc. 19 at 6).  However, as discussed above, to the extent Gorbey's claims raise challenges to collateral proceedings, they are not habeas claims, *see Quince*, 360 F.3d at 1261-62; and, to the extent Gorbey's claims raise challenges to his underlying conviction alleging ineffective assistance of trial counsel, he has not shown the section 23-110 remedy was inadequate or ineffective.

    As the Magistrate Judge stated, the section 23-110 remedy is not inadequate or ineffective merely because a petitioner was untimely in seeking relief or is prevented from using the remedy a second time.  *See Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it."); *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009) (citing *Garris* and holding section 23-110(g) divests jurisdiction where the petitioner could have brought a valid claim under section 23-110 but not where his claim falls outside the scope of the statute).  The *Bryant* court's discussion of the analogous section 2255 Savings Clause is not inconsistent with this legal principle.  Indeed, in *Bryant*, the Eleventh Circuit explicitly stated that restrictions on successive claims did not render the section 2255 remedy inadequate or ineffective.  738 F.3d at 1272.  Moreover, our circuit precedent requires that in order for a claim not previously raised to be "saved" by the Savings Clause, it must have been "squarely foreclosed" such that the petitioner

did not have a genuine opportunity to bring the claim at trial, on direct appeal, and during the first section 2255 proceeding.

As to the habeas claims that were not foreclosed by section 23-110(g), the Magistrate Judge properly found them to be barred as successive. While it is true, as Gorbey and the Magistrate Judge have both noted, that an actual-innocence claim may be available to remedy procedural defaults in some cases, (Doc. 19 at 4-5) (quoting Doc. 18 at 7 n.2), that claim is not, as Gorbey contends, available to reinvigorate successive claims that were raised in a previous petition and addressed on their merits. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1934 (2013) (holding AEDPA modified the prior judge-made actual-innocence exception, which still exists to the extent it is "not governed by [AEDPA's] provisions"); *In re Hill*, 715 F.3d 284, 300 (11th Cir. 2013) (recognizing that Congress's action to codify the pre-AEDPA bar on successive habeas petitions with certain statutory exceptions means the previously existing judge-made exceptions did not survive); *In re Warren*, 537 F. App'x 457-58 (5th Cir. 2013) (distinguishing *McQuiggin* and holding a successive section 2254 claim barred under section 2244(b)(1)). Gorbey raised the ineffective assistance of appellate counsel in his previous section 2254 habeas petition, and those claims were denied on their merits. *See Gorbey v. United States*, 55 F. Supp. 3d 98, 104-05 (D.D.C. 2014). As a result, the Magistrate Judge's reliance on section 2244(b)(1) to recommend dismissal of Gorbey's claim was correct. This objection is **OVERRULED**.

    2.  **Objection Two**

Gorbey's last objection appears to be that, because he filed his first section 2254 petition before the proceedings were completed on remand, his appellate counsel's alleged constitutional

errors addressed in the original section 2254 petition are given new life by the judgment entered at the conclusion of the post-remand proceeding. (Doc. 19 at 6). Gorbey did not raise this argument before the Magistrate Judge, but, even if he had, it is unavailing. A federal court has addressed the errors that allegedly occurred in the direct appeal. *Gorbey*, 55 F. Supp. 3d at 104-05. Gorbey may not raise those same claims again. A new judgment after additional proceedings does not change that fact. Granted, the alleged errors on remand were not addressed in the original petition and, therefore, would not be successive. *See id.* at 105-06. But Gorbey has not alleged any of those issues in this petition. (Doc. 1) (addressing only the ineffectiveness of trial and direct-appeal attorneys Dworsky and Burton); (Doc. 2-1 at 4, 19-23) (same); (Doc. 19 at 7) (same); *Gorbey*, 55 F. Supp. 3d at 102 (stating remand counsel were attorneys Jenifer Wicks, then Nathan Silver). Because the only ineffective-assistance-of-appellate-counsel claims raised in the instant petition were previously raised, have been addressed, and (in any event) were not affected on remand, it follows that they are successive. This objection is **OVERRULED**.

## II.    Conclusion

The court has considered *de novo* the entire file in this action, together with the Report and Recommendation, and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved. Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the Magistrate Judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be dismissed. A separate Order will be entered.

This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make

such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds Petitioner's claims do not satisfy either standard.

    **DONE** and **ORDERED** this February 5, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE